STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1137

LUCILLE JEFFERSON

VERSUS

NICHOLS STATE UNIVERSITY, OFFICE OF RISK MANAGEMENT
FOR THE STATE OF LOUISIANA, LOUISIANA ATTORNEY GENERAL,
AND THE BOARD OF SUPERVISORS OF THE UNIVERSITY SYSTEM OF LOUISIANA

Decision Rendered: **MAY 1 1 2020**

* * * * * * *

APPEALED FROM THE
17th JUDICIAL DISTRICT COURT
LAFOURCHE PARISH, LOUISIANA
DOCKET NUMBER 125,611, DIVISION C

HONORABLE JEROME J. BARBERA III, JUDGE PRO TEMPORE

* * * * * * *

| | |
|---|---|
| Kervin W. Doyle<br>New Orleans, Louisiana | Attorney for Plaintiff/Appellant<br>Lucille Jefferson |
| Geri Broussard Baloney<br>Abril Southerland<br>José Carlos Méndez<br>New Orleans, Louisiana | Attorneys for Defendant/Appellee<br>State of Louisiana through the Board<br>of Supervisors of the University<br>of Louisiana System |

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

A pedestrian visiting a college campus appeals the summary judgment dismissal of her claims seeking recovery for injuries she sustained when she tripped and fell on an uneven sidewalk. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On the early afternoon of October 26, 2013, Lucille Jefferson was attending a family event at Nicholls State University in Thibodaux, Louisiana, where her granddaughter was a student. As she and several other family members were walking on a sidewalk near the football field, Ms. Jefferson fell and was injured when she tripped on an uneven section of the sidewalk where the elevation difference measured about one and three-fourths to two inches. According to Ms. Jefferson, she did not see the uneven sidewalk, because she was looking ahead to avoid bumping into others and because of shadows made by the trees lining the sidewalk. Ms. Jefferson was treated at a local emergency room on the day of the accident and released; she then saw an orthopedist and underwent physical therapy for shoulder, knee, and back injuries for several months.

Ms. Jefferson filed suit against the State of Louisiana, through the Board of Supervisors of the University of Louisiana System (the State), seeking recovery for her injuries.[1] After answering the suit and denying liability, the State ultimately filed a motion for summary judgment with supporting evidence seeking dismissal of Ms. Jefferson's claims. The State asserted that summary judgment was appropriate, because Ms. Jefferson could not prove that the uneven sidewalk constituted an unreasonable risk of harm or that the State had notice of the uneven sidewalk prior to her accident. Ms. Jefferson opposed the summary judgment with supporting evidence. After a hearing, the district court signed a judgment on June 11, 2019, granting the State's motion and dismissing Ms. Jefferson's petition with prejudice. In reasons for

---

[1] The State's answer states that the plaintiff's petition incorrectly named it as "[Nicholls] State University, Office of Risk Management for the State of Louisiana, Louisiana Attorney General, and the Board of Supervisors of the University System of Louisiana[.]"

2

judgment, the district court indicated Ms. Jefferson had failed to demonstrate she could carry her burden at trial that the uneven sidewalk was an unreasonable risk of harm.

Ms. Jefferson appeals the adverse judgment, asserting two assignments of error. She first contends the district court erred by failing to consider her expert engineer's affidavit. She next contends the district court erred in granting summary judgment, because the evidence shows disputed factual issues regarding whether the uneven sidewalk presented an unreasonable risk of harm and whether the State had constructive knowledge of such.[2]

## APPLICABLE LAW

Appellate courts review the grant or denial of summary judgment *de novo* under the same criteria governing the district court's consideration of whether summary judgment is appropriate. *Apache Corp. v. Talen's Marine & Fuel, LLC,* 17-0714 (La. App. 1 Cir. 2/7/18), 242 So.3d 619, 622. A court shall grant summary judgment if the pleadings, memorandum, and admissible supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. *See* La. C.C.P. art. 966A(3) and (4); *Apache Corp.,* 242 So.3d at 622. The summary judgment movant maintains the burden of proof. La. C.C.P. art. 966D(1). Nevertheless, if the movant will not bear the burden of proof at trial on the issue before the court on the motion, his burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and, if appropriate, the court shall render summary judgment against him. La. C.C.P. arts. 966D(1) and 967B.

Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Tilley v. City of Walker,* 18-1587 (La. App. 1 Cir. 12/30/19),

---

[2] On February 18, 2020, the State filed a motion to consider its appellate brief as timely filed. This Court considered the motion and denied it in open court on February 19, 2020.

3

___So.3d___, ___, 2019 WL 7343415 *2. Under La. R.S. 9:2800, to prove a public entity is liable for damages caused by a defective thing, the plaintiff must establish: (1) the public entity had custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. *See* La. C.C. arts. 2317 and 2317.1; La. R.S. 9:2800; *Chambers v. Village of Moreauville,* 11-0898 (La. 1/24/12), 85 So.3d 593, 597. Failure to meet any one of these statutory requirements will defeat a claim against the public entity. *Lynch v. City of Mandeville,* 14-1834 (La. App. 1 Cir. 6/5/15), 2015 WL 3546068 *3. Here, Ms. Jefferson claims there are disputed factual issues regarding the second and third requirements, *i.e.,* the existence of an unreasonable risk of harm and constructive notice. Because we conclude Ms. Jefferson has failed to produce factual support sufficient to establish she will be able to prove the State had constructive notice of the uneven sidewalk, we pretermit discussion of the unreasonable risk of harm issue, including Ms. Jefferson's first assignment of error, which is limited to whether the district court failed to consider her expert's affidavit on the unreasonable risk of harm issue. *Accord Yates v. Our Lady of the Angels Hospital, Inc.,* 19-0661 (La. App. 1 Cir. 2/20/20), 2020 WL 862167 *3, n.2.

Constructive notice is defined as the existence of facts that infer actual knowledge. La. R.S. 9:2800D. Ordinarily, to establish constructive notice, a plaintiff must prove the defect causing the injury existed over a sufficient length of time to establish that reasonable diligence would have led to its discovery and repair. *Lynch,* 2015 WL 3546068 at *3. In support of its motion for summary judgment, the State filed the affidavit of Brian Clausen, the Director of Safety at Nicholls State University, as well as photographs showing the uneven sidewalk where Ms. Jefferson fell. Mr. Clausen attested, and the photographs show, the size of the sidewalk elevation deviation was between one and three-fourths and two inches. Mr. Clausen also stated that there had been no prior reports of accidents on the sidewalk where Ms. Jefferson fell, "despite thousands of students, faculty, and guests" walking on that same

4

sidewalk; nor were there any other falls there by others attending the Nicholls family event on the day of Ms. Jefferson's fall. He stated that no Nicholls representative responsible for maintenance or for reporting dangerous conditions knew of the sidewalk deviation before Ms. Jefferson's fall. With Mr. Clausen's affidavit, the State has pointed to an absence of factual support to establish that the State had notice of the uneven sidewalk's existence, an essential element of Ms. Jefferson's claim. *See* La. R.S. 9:2800C; *Davis v. City of Baton Rouge,* 17-1473 (La. App. 1 Cir. 4/9/18), 2018 WL 1704095 *5.

In opposition to the State's motion, Ms. Jefferson filed the affidavit of Warren L. Dietz Jr., a professional safety engineer. Regarding the State's purported notice of the uneven sidewalk, Mr. Dietz opined:

> Based on the use and activity of the adjoining premises, the university should have conducted regular and frequent inspections for tripping hazards on this heavily used sidewalk. The approximate 1.75 to 2.0-inch size of the change of elevation in this case is sufficient enough to be readily recognizable on reasonable and competent inspection. The recommended practice for sidewalk inspections is to conduct inspections on a yearly basis to identify defects subject to repair, and such inspections should be done more frequently around schools and hospitals. A competent inspection would have identified defects of the size recorded here.
>
> . . . .
>
> Defects of the type recorded here do not occur overnight. The uplifting of the concrete sidewalk slab occurs only gradually. Even before the defect reaches a height at which it is subject to repair, the condition can be monitored on a regular basis. In this case, the uplifting would have been identifiable years before the October 26, 2013 accident.

Mr. Dietz's above statements are merely speculative and do not create a disputed issue as to the State's constructive notice. It takes more than the existence of a mere factual possibility to defeat summary judgment. *See Talbert v. Restoration Hardware, Inc.,* 17-0986 (La. App. 1 Cir. 5/31/18), 251 So.3d 532, 539; *see also Everett v. Nicholls State University,* 19-0930 (La. App. 1 Cir. 2/26/20), 2020 WL 913737 *4 ("It takes more than mere argument of a possibility to raise a genuine issue of fact."). Although Mr. Dietz states the university should have conducted "frequent" inspections of the sidewalk, Ms. Jefferson produced no evidence of how often the university performed or did not perform inspections of its sidewalks. Further, a public entity's lack

5

of a regular inspection procedure does not necessarily confer constructive knowledge of defects in its streets, signs, and sidewalks. *Clark v. EBRP Department of Public Works,* 17-1445 (La. App. 1 Cir. 4/6/18), 248 So.3d 409, 415; *Williams v. Ruben Residential Properties, LLC,* 46,040 (La. App. 2 Cir. 3/2/11), 58 So.3d 534, 541-42.

Mr. Dietz also opines that the one and three-fourths to two inch elevation deviation did not "occur overnight," would have "occurred gradually," and the "uplifting" of the sidewalk would have been "identifiable years before" Ms. Jefferson's accident. And, in his affidavit, Mr. Clausen himself opined that the sidewalk deviation was the result of "natural causes such as Louisiana climate, settling Louisiana soil, and trees close in proximity to the area[.]" These general observations regarding the gradual development of the sidewalk elevation deviation fall short of the factual support required to establish an evidentiary burden at trial. *See Lynch,* 2015 WL 3546068 *4. Even if the sidewalk gradually became uneven over many years, such is not proof of how long the elevation that existed on the day Ms. Jefferson fell was there before her fall. In other words, Mr. Dietz's general opinion that the uplifting of sidewalk would have been identifiable for years is not proof that the specific one and three-fourth to two inch deviation existed for days, weeks, months, one year, or more, such that the State should have discovered and repaired it.

We find the reasoning of a similar case from the Second Circuit persuasive. In *Graham v. City of Shreveport,* 44,994 (La. App. 2 Cir. 1/27/10), 31 So.3d 526, 531-32, the Court rejected a plaintiff's attempt to establish a city's constructive notice of an uneven sidewalk (where the elevation difference was no more than two inches) with the use of photographs showing trees growing near the sidewalk. The *Graham* plaintiff contended that roots of nearby trees underneath the sidewalk caused the concrete to elevate over time. *Id.* at 528. The City presented evidence that there had been no documented complaints about the subject sidewalk before Ms. Graham's fall. *Id.* Finding that the photographs did not provide a clear inference that the growth of the tree over a lengthy period of time had gradually caused the defect, and noting the plaintiff had presented no other evidence regarding the length of time the problem

6

existed, the *Graham* court found there was insufficient circumstantial evidence to demonstrate the city's constructive notice of the elevated sidewalk. *Id.* at 531-32. In this case, we similarly conclude that the existence of an elevated sidewalk near trees, absent other evidence, is insufficient to demonstrate constructive notice of a defect. *See also Nettles v. Dean Offices, LLC,* 07-0096 (La. App. 1 Cir. 11/2/07), 2007 WL 3229159 *2 (reversing a judgment against a public entity due to a lack of facts to establish constructive notice of an elevated sidewalk; and, rejecting the premise that the defect was "not a condition that occurred overnight" as sufficient to establish constructive notice).

Thus, in light of the absence of prior accidents or reports to the State involving the subject sidewalk, and after reviewing the summary judgment evidence *de novo,* particularly Mr. Dietz's affidavit, we conclude Ms. Jefferson has failed to establish a genuine issue of material fact that the sidewalk elevation in this cause existed for a sufficient length of time to establish that reasonable diligence would have led to its discovery and repair. *See Talbert,* 251 So.3d at 539; *Everett,* 2020 WL 913737 *4; and *Lynch,* 2015 WL 3546068 at *4-5. Thus, summary judgment against her was proper. *See* La. C.C.P. arts. 966D(1) and 967B.

## CONCLUSION

For the above reasons, we affirm the summary judgment in favor of the State of Louisiana, through the Board of Supervisors of the University of Louisiana System, and the dismissal of Lucille Jefferson's petition with prejudice. We assess appeal costs against Lucille Jefferson.

**JUDGMENT AFFIRMED.**

7